**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| FLEET CONNECT SOLUTIONS LLC,<br>Plaintiff,<br><br>v.<br><br>WHEELS, LLC,<br>Defendant. | Civil Action No. 1:24-cv-01563-JPB<br><br>**JURY TRIAL DEMANDED** |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Fleet Connect Solutions LLC ("Fleet Connect" or "Plaintiff") and Defendant Wheels, LLC ("Wheels" or "Defendant") by and through their undersigned counsel, jointly submit this Joint Preliminary Report and Discovery Plan:

**1. DESCRIPTION OF CASE:**

(a) Describe briefly the nature of this action.

This is an action brought by Plaintiff Fleet Connect against Defendant Wheels where Fleet Connect is asserting infringement of one or more claims of the following U.S. Patents (the "Patents-in-Suit"):

(1) 6,633,616
(2) 6,941,223
(3) 6,961,586
(4) 7,206,837
(5) 7,463,896
(6) 7,599,715
(7) 7,741,968
(8) 8,005,053

(9) 8,862,184

*See* Dkt. No. 14 (First Amended Complaint – “FAC”). Fleet Connect seek damages with pre- and post-judgment interest thereon based on at least the following of Wheels’ products and services (hereinafter, the “Accused Products”):

(1) Donlen’s DriverPoint® Telematics, FleetWeb® fleet management platform, FleetWeb Dashboard, the DonlenDriver app, FleetWeb® Mobile app, AssetCheck, Advanced Diagnostics, its electronic logging devices, and associated hardware, software, and functionality);

(2) Wheels’ Vehicle Telematics, including the Wheels Mobile Assistant, FleetView Dashboard, FleetWeb, Fleet Driver Safety and Training Solutions, FleetView Mobile app, Wheels Mobile app, DriverView, its electronic logging devices, and associated hardware, software, and functionality; and/or

(3) Geotab telematics devices or “Geotab GO Devices” (any and current, predecessor, and successor models, names, or releases) with MyGeotab Portal, Enterprise Fleet Management Portal, EV Suitability Assessment (EVSA) instrumentalities, Software Development Kits (“SDKs”), Fleet Planning Toolkits, eFleets client portal, and eFleets Mobile app, and associated hardware, software, and functionality.

On June 7, 2024 Defendant Wheels filed a motion to dismiss all nine patent infringement counts pursuant to Rule 12(b)(6), Fed.R.Civ.P. On June 21, 2024, Plaintiff Fleet Connect filed and served an Amended Complaint. On July 5, 2024, Wheels filed a second Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6), again seeking to dismiss all nine patent infringement counts. Briefing on Wheels' second Motion to Dismiss is in progress and has not yet been completed.

Defendant Wheels intends to file a motion to stay this case in its entirety under the customer-suit exception pending resolution of a lawsuit filed on May 13, 2024 by Plaintiffs Geotab Inc. and Geotab USA, Inc., the manufacturer of the Accused Products, against Plaintiff Fleet Connect in the District of New Jersey at Case No. 24-cv-06089 (SCR) (hereinafter "Geotab DJ Action"). Plaintiff Fleet Connect disputes that this case in this Court should be stayed. Briefing on Wheels' motion to stay this case has not yet been completed.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff Fleet Connect, a corporation organized and existing under the laws of the State of Delaware, asserts it is the owner by assignment of the Patents-in-Suit with all rights to enforce the Patents-in-Suit. Fleet Connect alleges that Wheels uses the Accused Products in an infringing manner.

Defendant Wheels, is a limited liability corporation that provides comprehensive vehicle fleet management services and mobility solutions to over 100

Fortune 500 clients. Wheels has reviewed the Patents-in-Suit and does not believe it infringes, directly or indirectly, any asserted claim of any asserted patent.

As noted above, the instant case involves the same patents at issue in the Geotab DJ Action. Based on the filing of the Geotab DJ Action and because Wheels is a customer of Geotab, Wheels contends (and Fleet Connect disputes) that the current case in this Court should be stayed under the customer suit exception.

(c) <u>The legal issues to be tried are as follows:</u>

***For Plaintiff:***

(1) Whether Defendant has infringed, literally or, alternatively, under the Doctrine of Equivalents, one or more claims of the Patents-in-Suit;

(2) The amount of damages owed for Defendant's infringement of one or more claims of the Patents-in-Suit

(3) Whether Defendant's infringement was willful;

***For Defendant:***

(1) Whether Plaintiff's Amended Complaint plausibly alleges infringement of any claim of any Patent-in-Suit;

(2) Whether the Patents-in-Suit are invalid and/or unenforceable under Title 35 of the United States Code;

(3) Whether Defendant infringes any claim of any valid or enforceable Patent-in-Suit;

(4) Whether this case is exceptional and Defendant is entitled to its attorney's fees under 35 U.S.C. § 285.

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

i. There are no pending related cases in this Court.

ii. One or more of the Patents-in-Suit are being asserted or are at issue in currently pending cases listed in the attached Schedule.

(2) Previously Adjudicated Related Cases:

*See* attached Schedule

**2. THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE FEATURES LISTED BELOW (PLEASE CHECK):**

Plaintiff Fleet Connect asserts this case is complex for the following reasons:

| | | |
|---|---|---|
| | (1) | Unusually large number of parties |
| | (2) | Unusually large number of claims or defenses |
| X | (3) | Factual issues are exceptionally complex |
| X | (4) | Greater than normal volume of evidence |
| X | (5) | Extended discovery period is needed |
| | (6) | Problems locating or preserving evidence |
| | (7) | Pending parallel investigations or action by government |
| X | (8) | Multiple use of experts |
| | (9) | Need for discovery outside United States boundaries |
| X | (10) | Existence of highly technical issues and proof |
| | (11) | Unusually complex discovery of electronically stored information |

Defendant Wheels believes an initial determination of its Motion to Dismiss the FAC is necessary to determine which (if any) of the complex case features may apply. Moreover, granting Wheels Motion to Stay may lead to a further streamlining of the issues to be decided by this Court after final resolution of the Geotab DJ Action.

Plaintiff Fleet Connect contends that Wheels' Motion to Dismiss the FAC is due to be denied under any reasonable interpretation of the law, and thus, will not reduce the complex case features identified above. Likewise, as noted above, Fleet Connect asserts that Wheels' motion to stay under the customer-suit exception is also due to be outright denied, and thus, will not streamline the issues to be decided by this Court.

**3. COUNSEL:**

***For Plaintiff:***

Rozier Hardt McDonough PLLC:

- James F. McDonough, III (GA 117088)
- Jonathan R. Miller (GA 507179)
- Travis E. Lynch (GA 162373)
- Jonathan L. Hardt (TX 24039906) [admission *pro hac vice* to be sought]
- C. Matthew Rozier (CO 46854) [admission *pro hac vice* to be sought]

***For Defendant:***

Lewis Brisbois Bisgaard & Smith LLP

- Joshua D. Curry (GA 117378)
- Bryan Sugar (admitted pro hac vice)
- Lawrence R. LaPorte (pro hac vice to be filed)
- Charles A. Kertell (Poro hac vice to be filed)

**4. JURISDICTION:**

Is there any question regarding this Court's jurisdiction?

__ **Yes** _X_ **No**

**5. PARTIES TO THIS ACTION:**

(a) The following persons are necessary parties who have not been joined:

Plaintiff Fleet Connect does not anticipate the appearance of additional parties, but reserves the right to add additional parties during discovery.

Defendant Wheels believes a determination of necessary parties is premature until the Court decides its Motion to Dismiss and determines which (if any) patent infringement claims will proceed in this action.

(b) The following persons are improperly joined as parties:

None known at this time

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None known at this time

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

The Parties acknowledge their continuing obligations in this regard.

**6. AMENDMENTS TO THE PLEADINGS:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

The Parties reserve the right to seek leave to amend their pleadings to the extent that they deem necessary in view of further analysis, discovery, and/or other unforeseen developments, subject to the requirements of the Federal Rules the Local Civil Rules of this Court, and the Local Patent Rules of this Court.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

Plaintiff contends that the Parties' obligations under the local and federal rules should not be altered.

Defendant Wheels proposes that in light of the pending Motion to Dismiss the FAC and Motion to Stay Under the Customer-Suit Exception, the Parties propose that a deadline for amending the pleadings be set as part of the updated proposed case schedule that the Parties will submit 45 days after Defendant Wheels files its answer.

**7. FILING TIMES FOR MOTIONS:**

**All motions should be filed as soon as possible. The Local Rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).**

Fleet Connect contends that the deadlines set forth in the local rules for motion practice apply:

(a) Motions to Compel:

- before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions:

- within thirty (30) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c) Other Limited Motions:

- refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony:

- Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Local Rule 7.2F.

Wheels contends that in light of Defendant Wheels' pending Motion to Dismiss the FAC and Motion to Stay Under the Customer-Suit Exception, the Parties propose that deadlines for motions to compel, summary judgment, Daubert, other motions, etc. be set as part of the updated proposed case schedule that the Parties will submit 45 days after Defendant Wheels files its answer.

**8. INITIAL DISCLOSURES:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

***Parties' Statement:***

Plaintiff Fleet Connect does not agree to any changes as to the requirements to the form or timing of disclosures under Fed. R. Civ. P. 26(a)(1).

Defendant Wheels requests that the Initial Disclosure obligations be postponed until thirty days after the Court decides its Motion to Dismiss and/or planned Motion to Stay.

**9. REQUEST FOR SCHEDULING CONFERENCE:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

***Plaintiff's Statement:*** Fleet Connect believes that a scheduling conference is necessary to address the Parties' disagreements set forth herein and the attached proposed schedule.

Defendant's Statement: Defendant has attached hereto its proposed case scheduling order and anticipate providing an updated proposed case scheduling order 45 days after Defendant Wheels files its Answer.

**10. DISCOVERY PERIOD:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Please state below the subjects on which discovery may be needed:**

***For Plaintiff:***

- Facts pertaining to Defendant's alleged patent infringement
- Facts pertaining to Defendant's communications with its suppliers
- Facts pertaining to Defendant's Accused Products

- Facts pertaining to alleged damages
- Facts pertaining to the opinions of Defendant's expert(s)

***For Defendant:***

- Facts pertaining to Plaintiff's acquisition, alleged ownership, and licensing activities of the Patents-in-Suit
- Facts pertaining to the non-infringement of the patents in suit, including but not limited to discovery from third party Geotab
- Facts pertaining to the invalidity and unenforceability of the Patents-in-Suit
- Facts pertaining to alleged damages
- Facts pertaining to the opinions of Plaintiff's expert(s)

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

In light of Defendant Wheels' pending Motion to Dismiss the FAC and Motion to Stay Under the Customer-Suit Exception, Defendant proposes that discovery deadlines be set as part of the updated proposed case schedule that the Parties will submit 45 days after Defendant Wheels files its answer.

Plaintiff believes these motions will be denied and the schedule proposed by Plaintiff should be entered.

**11. DISCOVERY LIMITATION:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

***Plaintiff's Statement:*** 30 interrogatories per side; 40 requests for admission per side (not including request for admission regarding authenticity); a total of 70 hours of depositions per side (inclusive of individual, Rule 30(b)(6), and non-party depositions); non-party deposition and document subpoenas; the Parties should address limits on expert discovery (including depositions) prior to the close of fact discovery in light of the case at that time. The Parties should also agree to continue to discuss whether email discovery is necessary for this case as the case progresses.

***Defendant's Statement:*** The Parties should propose addressing whether limitations or exceptions to the discovery permitted by the Federal Rules of Civil Procedure and Local Rules of this Court as part of the updated proposed case schedule that the Parties will submit 45 days after Defendant Wheels files its answer.

(b) Is any party seeking discovery of electronically stored information?

__X__ **Yes** ___ **No**

i. The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (*e.g.,* accessibility, search terms, date limitations, or key witnesses) as follows:

***Plaintiff's Statement:*** Plaintiff believes some discovery of source code may be necessary and intend submit to the Court for approval a consent protective order that will include provisions to address, among other things, review and maintenance of confidentiality of any source code that is produced. Because discovery has not yet commenced, the parties do not know at this time whether any additional discovery of electronically stored information will be necessary. Fleet Connect contends that Defendant's Motion to Dismiss will not affect the necessity for source code or ESI discovery. All of the asserted patents as read on the accused products implicate the need for source code and ESI discovery.

***Defendants Statement***: Defendant Wheels believes that a determination of whether ESI discovery including source code is necessary is premature, and should wait until after a determination of its Motion to Dismiss and an understanding of which patents-in-suit remain in this case, and which products are accused of infringement.

ii. The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

***Parties' Statement:*** Once the scope and nature of document discovery sought by the parties is clearer the parties intend to discuss and reach agreement on an appropriate format for production.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

## 12. OTHER ORDERS:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

***Parties Statement:*** Pursuant to L.P.R. 2.2, the Parties will meet and confer and intend to execute a proposed consent protective order to limit the use and disclosure of confidential and proprietary information disclosed during discovery, and to seek entry by the Court of the same.

## 13. SETTLEMENT POTENTIAL:

(a) Lead Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 11, 2024 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:**

**Lead Counsel (signature):** /s/ *James F. McDonough, III*

**Other Participants:** Travis E. Lynch

**For Defendant:**

**Lead Counsel (signature):** /s/ *Joshua Curry*

**Other Participants:** Lawrence LaPorte

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

| | |
|---|---|
| X | **A possibility of settlement before discovery;** |

| | |
|---|---|
| | **A possibility of settlement after discovery;** |
| | **A possibility of settlement, but a conference with the Judge is needed.** |
| | **No possibility of settlement.** |

(c) Counsel ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is TBD.

(d) The following specific problems have created a hindrance to settlement of this case:

Not Applicable

## 14. TRIAL BY MAGISTRATE JUDGE:

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

- **The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court this** ___ day of _ , 20____.
- **The parties (X) do not consent to having this case tried before a magistrate judge of this Court.**

**15. SIGNATURES OF LEAD COUNSEL**

Dated: July 15, 2024

Respectfully submitted,

By: */s/ James F. McDonough, III*

James F. McDonough, III (GA 117088)
Jonathan R. Miller (GA 507179)
Travis E. Lynch (GA 162373)
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866, -1863, -1862
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (737) 295-0876;
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854) *
**Rozier Hardt McDonough, PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (202) 316-1591
Email: matt@rhmtrial.com

***Attorneys for Plaintiff Fleet Connect Solutions LLC***

* admission *pro hac vice* anticipated

Dated: July 15, 2024

Respectfully submitted,

By: */s/ Joshua D.Curry*

Joshua D. Curry (GA 117378)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
600 Peachtree Street, NE, Suite 4700
Atlanta, Georgia 30308
Telephone: (404) 348-8585
Email: Josh.Curry@lewisbrisbois.com

Bryan P. Sugar (admitted *pro hac vice*)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone. (312) 463-3473
Email: Bryan.Sugar@lewisbrisbois.com

***Attorneys for Defendant Wheels, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true and correct copy of the foregoing document was filed electronically in compliance with Court's procedures. As such, this document was served on all counsel who are deemed to have consented to electronic service.

Dated: July 15, 2024

By: */s/ James F. McDonough, III*
James F. McDonough, III

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rules 5.1(C) and 7.1(D) of the Northern District of Georgia, that the foregoing complies with the font and point selections approved by the Court in L.R. 5.1(C). The foregoing motion was prepared on a computer using 14-point Times New Roman font.

Dated: July 15, 2024

By: */s/ James F. McDonough, III*
James F. McDonough, III